IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Civil Action No. 3:18-CR-150-K (BH) |
| § | |
| ROBERT JOSEPH MARANO, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By order of reference filed April 14, 2020 (doc. 56), before the Court is the defendant's *Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(1)(A) for Extraordinary and Compelling Reasons*, received on April 9, 2020 (doc. 55). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### BACKGROUND

Robert Joseph Marano (Defendant) was charged by felony information on March 22, 2018 with mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341 and 2. (*See* doc. 1.) He waived indictment on March 22, 2018, and pleaded guilty to that offense on April 17, 2018. (*See* docs. 6, 7, 8, 19.) On November 14, 2018, he was sentenced to 48 months' imprisonment and was directed to surrender himself into custody by 2:00 p.m. on January 9, 2019. (*See* doc. 53.) Defendant did not appeal to the Fifth Circuit Court of Appeals.

Defendant, who is currently incarcerated in the Federal Correctional Institution Texarkana (FCI Texarkana), seeks modification of his sentence to time served or, alternatively, home confinement under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. (*See* doc. 55 at 1-2.) He claims he is immunocompromised due to prior bouts with cancer and would be in "grave jeopardy if he were to contract the Covid-19 virus." (*Id.* at 1.) The government filed an opposition

to Defendant's motion on April 21, 2020.  (*See* doc. 58.)

## ANALYSIS

"The Sentencing Reform Act of 1984 modified existing sentencing standards to allow federal courts to reduce defendants' sentences for "extraordinary and compelling reasons," a process often referred to as "compassionate release." *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020).  Only the Bureau of Prisons (BOP) could file motions for compassionate release on behalf of federal prisoners. *Id.*  The First Step Act of 2018 ("First Step Act"), which became law on December 21, 2018, introduced several criminal justice reforms. *See United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir. 2019) (citing First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018)).  One of these reforms was to allow federal prisoners to file their own motions for compassionate release under § 3582(c)(1)(A) if the BOP refused to bring such a motion on their behalf." *See id.; United States v. Mincey*, No. 3-18-cr-165-K (01), 2020 WL 2201425, at *1 (N.D. Tex. Apr. 20, 2020) (quoting *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019)) (internal quotation marks omitted).

**A.**   **Exhaustion**

As amended by the First Step Act, § 3582(c)(1)(A) provides that a court, "on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment . . . after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  Section 3582(c)(1)(A) expressly provides that a defendant may move for compassionate release *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *Mincey*, 2020 WL 2201425, at *1.

Here, Defendant fails to allege that he has exhausted all administrative remedies, or that 30 days elapsed before he filed his motion. (*See* doc. 55 at 2.) He claims he requested relief from the warden of FCI Texarkana concurrently with his motion. (*See id.*) Defendant has therefore failed to exhaust his administrative remedies, and his motion is subject to dismissal on this basis. Even if his motion is considered because 30 days have elapsed since the date that he allegedly sought relief from the warden, however, Defendant is still not entitled to relief under § 3582(c)(1)(A).

**B.     Modification**

Defendant seeks modification of his sentence to time served or, alternatively, home confinement under 18 U.S.C. § 3582(c)(1)(A). (*See* doc. 55 at 1-2.)

Section 3582(c) states:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

    (1) in any case–

        (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

            (i) extraordinary and compelling reasons warrant such a reduction; or

            (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section

3

> 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. 3582(c)(1). Because Defendant is not at least 70 years old, the existence of "extraordinary and compelling reasons" is the only avenue of relief potentially available to him under § 3582(c)(1)(A). *See* 18 U.S.C. § 3582(c)(1)(A).

### *1.   Extraordinary and Compelling Reasons*

As noted, § 3582(c)(1)(A) permits a court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction," and that any such reduction is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). The United States Sentencing Guidelines (Sentencing Guidelines) provide that "extraordinary and compelling reasons" may exist based on the medical condition of the defendant, his age, his family circumstances, or other reasons. *See* U.S.S.G. § 1B1.13(1)(A) & App. Note 1. In the context of a defendant's medical condition, these circumstances include where the defendant is terminally ill or "suffering from a serious physical or medical condition, . . . a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *See id*.

Here, Defendant claims he is a 55-year-old three-time testicular cancer survivor who had his left kidney, left testicle, and lymph nodes in his chest removed in connection with his cancer, resulting in a compromised immune system. (*See* doc. 55 at 1.) Due to his compromised immune

4

system and age, he claims he is especially vulnerable to and would be in "grave jeopardy" if exposed to COVID-19. (*Id.* at 1-2.) Defendant does not allege any of the circumstances set out in U.S.S.G. § 1B1.13(1)(A) & App. Note 1; he does not claim that his physical or medical condition substantially diminishes his ability to care for himself while in custody. *See United States v. Wright*, No. 16-214-04, 2020 WL 1976828, at *5 (W.D.La. Apr. 24, 2020) (noting that the defendant was at risk for severe illness from COVID-19 because of his age and medical condition, but finding that he had not shown any limitations from his conditions sufficient to establish compelling and extraordinary circumstances). He instead focuses on the potential for such a condition based on his medical history.

"A generalized fear of contracting COVID-19 does not justify compassionate release," however. *United States v. Perez-Serrano,* No. 5:13-cv-2-DCB-LRA, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020)(citing *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020)("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13."); *Wright*, 2020 WL 1976828, at *6 ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."). Notably, there are currently no confirmed cases of COVID-19 at FCI Texarkana, and Defendant has not offered any evidence relating to his housing situation or the conditions at FCI Texarkana that would rise to the level of "extraordinary and compelling reasons." *See* COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (reporting no confirmed COVID-19 cases at FCI Texarkana); *see*

5

*also Wright*, 2020 WL 1976828, at *6 (noting the lack of reported cases of COVID-19 at FCI Texarkana and the failure to show that it would be unable to manage an outbreak if one were to occur, or that the medical personnel would be unable to treat the defendant). Because he has not shown "extraordinary and compelling reasons," Defendant has failed to establish that relief is warranted under § 3582(c)(1)(A).

### 2. 18 U.S.C. § 3553(a) Factors

Even if Defendant had shown the existence of "extraordinary and compelling reasons" warranting a sentence reduction, the discretion to reduce his sentence would still be subject to consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent applicable. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) ("When ruling on a motion for modification of sentence, a district court need not mention the § 3553(a) factors or articulate its reasoning for why the factors support its decision on the motion . . . . But, it must consider them.") (internal citations omitted); *see also United States v. Espinal*, No. 08-cr-242 (ARR), 09-cr-683 (ARR), and 16-cr-349 (ARR), 2020 WL 2092484, at *2 (E.D.N.Y. May 1, 2020) (identifying consideration of §3553(a) factors as the third prerequisite to relief under § 3582(c)(1)(A)(i) following exhaustion of administrative remedies and evaluation of extraordinary and compelling reasons); *United States v. Morris*, No. 12-154 (BAH), 2020 WL 2735651, at *7 (D.D.C. May 24, 2020) (determining that the § 3582(c)(1)(A) inquiry does not end after finding the existence of extraordinary and compelling reasons because "both statute and policy statement instruct courts" to consider § 3553(a) factors).

The § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposed–
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available;

   (4) the kinds of sentence and the sentencing range established for–
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
     (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code . . .;
     (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code . . ..

   (5) any pertinent policy statement–
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code . . .; and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

   (7) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

  Relevant here, Defendant has served only one-third of a 48-month sentence resulting from a thirty-month variance downward from the minimum applicable sentencing range guideline for defrauding over 200 clients over a period of nearly two years, for which he was ordered to pay $868,214 in restitution. (*See* docs. 7, 53, 54.) Based on the seriousness of his offense, his current sentence and the amount of time he has served to date, and the amount owed in restitution, coupled

with a lack of any post-conviction information in support of release, the applicable §3553(a) factors do not weigh in favor of release, even assuming the existence of "extraordinary and compelling reasons."

## RECOMMENDATION

Defendant's *Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(1)(A) for Extraordinary and Compelling Reasons* should be **DENIED**.

**SIGNED this 1st day of June, 2020.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE